IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DIANA SATTERLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-847-D |
| ) | |
| ALLSTATE FIRE AND CASUALTY ) | (Remanded to Cleveland County |
| COMPANY; and MONICA BAKER ) | District Court, Case No. |
| AGENCY, INC., ) | CJ-2025-463) |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 9]. Defendant Allstate Fire and Casualty Company filed a response [Doc. No. 10], to which Plaintiff replied [Doc. No. 11]. The matter is fully briefed and at issue.

**BACKGROUND**

Plaintiff's property was damaged by a hailstorm in or around June 2024. Plaintiff filed a claim with her homeowner's policy, issued by Allstate. On September 28, 2024, Allstate inspected Plaintiff's property. Plaintiff alleges that "Allstate found hail damage only to Plaintiff's roof vent and rain caps of her main dwelling" and no hail damage to the roof's shingles or Plaintiff's shed. [Doc. No. 1-4, at 2].

After a second inspection, Allstate "found additional hail damage to Plaintiff's flashing, gutters, and downspouts," but otherwise maintained the results of the first inspection. *Id.* After applying Plaintiff's $1,000.00 deductible, Allstate offered $233.99 for the damage to Plaintiff's roof accessories. *Id.*

1

After Plaintiff's property was inspected by a contractor, the contractor found hail damage to the dwelling's roof and the shed's roof, totaling $28,747.88. *Id.*

Plaintiff alleges that Allstate communicated their decision to Plaintiff via two phone calls. During the initial phone call, an Allstate adjuster "concluded the shingles exhibited granular loss and blistering rather than hail damage." *Id.* at 3. During the second phone call, a different Allstate adjuster "told Plaintiff and [her son-in-law] that the anomalies on the roof were not consistent with hail damage, but instead with blistering, wear and tear, and deterioration." *Id.* Plaintiff further alleges that she asked the second Allstate adjuster "for written documentation stating that Allstate had partially denied her claim, and [he] said he would send Plaintiff such a letter, but this was never received by Plaintiff." *Id.*

Plaintiff further alleges that Defendant Monica Baker Agency, Inc. (Baker) "represented to Plaintiff on several occasions during the renewal of the Policy that the Policy being renewed and maintained by her was a replacement cost policy that would pay to fully replace her property in the event of a loss," and "further represented to Plaintiff that the home was in good condition and continued to qualify for the replacement cost policy Allstate and Baker renewed." *Id.* at 4. Although "Baker represented that Plaintiff's home, including her roof[,] was in good condition," Allstate "advised Plaintiff the damage to her roof was from blistering and other excluded conditions that have occurred over a long period of time." *Id.*

Plaintiff contends that the representations by Baker were inconsistent with Allstate's denial of her claim for pre-existing conditions, and that "Baker was able to continually renew a more expensive type of policy based upon the purported good condition of

2

Plaintiff's home for an increased premium." *Id.* at 4-5. Further, Plaintiff alleges that Baker "[sold] and [renewed] illusory insurance coverage knowing that the representations made to Plaintiff about the condition of her home were untrue"; "represent[ed] to Plaintiff that her dwelling and shed would be covered for replacement cost based upon its good condition"; "fail[ed] to report pre-existing damage to Plaintiff's property in order to artificially inflate Plaintiff's policy limits and premiums by reporting to Allstate that Plaintiff's property was in good condition and met all of Allstate's underwriting requirements at renewal"; and "represent[ed] to Plaintiff the policy sold to Plaintiff each year would pay to replace any damage to her home." *Id.* at 7.

Allstate timely removed the case to this Court. In its Notice of Removal [Doc. No. 1], Allstate contends that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Although Baker is a non-diverse party, Allstate contends that Baker was fraudulently joined by Plaintiff to defeat diversity jurisdiction.

Before the Court is Plaintiff's motion to remand, arguing that Allstate cannot establish fraudulent joinder and that this case should be remanded to the District Court of Cleveland County.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d

3

980, 988 (10th Cir. 2013) (internal quotation omitted). In its Notice of Removal, Allstate relies solely on the second basis. As the removing party, Allstate must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," Allstate must show that there is no possibility that Plaintiff would be able to establish a cause of action against Baker in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P.

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I. Inability to State Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003). "[C]onstructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting Okla. Stat. tit. 15, § 59). "This duty could arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter." *Foster v. State Farm Fire & Cas. Co.*, No. CIV-24-222-PRW, 2025 WL 392728, at *3 (W.D. Okla. Feb. 4, 2025) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (citation omitted)).

In her motion to remand, Plaintiff maintains that "Baker represented to Plaintiff that her home was in good condition" and that "Baker was required to confirm Plaintiff's home

satisfied Allstate's underwriting requirements, which require confirmation of her property being in an acceptable condition." [Doc. No. 9, at 8]. Plaintiff asserts that her "claims against Baker are predicated on the misrepresentations and negligent conduct that resulted in Plaintiff continuing to renew an insurance policy that provided illusory coverage." *Id.* at 10. Plaintiff asserts that "Baker's affirmations about the home's condition and its eligibility for a true replacement cost policy were, therefore, demonstrably untrue that induced Plaintiff to her detriment." *Id.* at 11-12.

Plaintiff posits that the case at hand is analogous to this Court's decision in *Pruitt v. State Farm Fire & Cas. Co.*, No. CIV-25-43-D, 2025 WL 1030353 (W.D. Okla. Apr. 7, 2025). The Court agrees. Plaintiff "alleges that Baker, acting as the frontline underwriter, made affirmative representations that the property was in 'good condition' and satisfied all necessary underwriting requirements," and then Allstate denied coverage based on pre-existing conditions. [Doc. No. 9, at 22]. In *Pruitt*, the Court granted the plaintiff's motion to remand and based its determination largely on the plaintiff's assertion that the defendant insurer's denial was in reliance on preexisting damage, the agent's negligent performance of his procurement duties, and the defendant's failure to show with complete certainty that the agent had been fraudulently joined. *Pruitt*, 2025 WL 1030353, at *4. Here, Plaintiff alleges that preexisting damage was the basis for Allstate's policy denial, and she further alleges that Baker was negligent in performing its underwriting duties.

Certainly, Plaintiff's claims against Baker in state court are not a "sure-thing." But the Court finds that Allstate has failed to show with complete certainty that Plaintiff cannot establish a claim against Baker in state court. *See Nerad v. AstraZeneca Pharmaceuticals,*

6

*Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *Montano*, 2000 WL 525592, at *2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Accordingly, Allstate has not met its "heavy burden" to establish fraudulent joinder, rendering remand appropriate.

## CONCLUSION

For the reasons stated herein, the Court finds that Allstate has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 9] is **GRANTED**, and the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 12th day of January, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge